IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case Nos. CR-19-372-F |
| ) | CIV-23-255-F |
| ZACHARY GEORGE CRISTER, ) | |
| ) | |
| Defendant. ) | |

# **ORDER**

On November 7, 2023, the court entered an order and judgment denying defendant Zachary George Crister's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. *See*, doc. no. 1015 and doc. no. 1016.

On December 1, 2023, the court clerk received a letter from defendant dated November 6, 2023[1] and an "Amendment/Add-On to Petitioner's § 2255." *See*, doc. nos. 1018 and 1019. In the letter, defendant represents that he is forwarding a copy of the "Amendment/Add-on to Petitioner's § 2255," dated and signed on April 4, 2023, that he previously sent to the court clerk and was noted in his reply to the government's response to his § 2255 motion. The "Amendment/Add-On to Petitioner's § 2255" alleges another ineffective assistance of counsel claim—ground six—with respect to Counts 3, 4 and 5.

The court addressed the purported amendment in its November 7, 2023 order. The court stated in part:

---

[1] The letter's envelope was post-marked November 27, 2023.

> "[T]he court notes that there is no record of an amended § 2255 motion received from defendant. While defendant contends that he could file the amended § 2255 motion without leave, the Tenth Circuit has indicated that leave of court is required. *See*, United States v. Roe, 913 F.3d 1285, 1296 (10th Cir. 2019) ("Pursuant to the provisions of Fed. R. Civ. P. 15(a)(2), a movant may file an amended § 2255 motion at any time during post-conviction proceedings with *leave of court*.") (emphasis added). Defendant has never sought leave to amend his initial § 2255 motion.
>
> Although defendant sets forth in his reply brief the allegations supporting the ground 6 that was purportedly alleged in the amended § 2255 motion, the court does not address new issues raised for the first time in a reply brief. *See*, United States v. Moya-Breton, 439 Fed. Appx. 711, 715 (10th Cir. 2011) ("Although the issue is raised in his district-court traverse, such a pleading, like a reply brief, is not a proper vehicle to raise a new issue.") (unpublished decision cited as persuasive pursuant to 10th Cir. R. 32.1(A)). As a result, the court addresses only the five grounds raised by defendant in his initial § 2255 motion and memorandum.

Doc. no. 1015, ECF p. 6 (footnote omitted).

As stated, judgment has been entered in this case. "'[O]nce judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b).'" U.S. v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006) (quoting Tool Box, Inc. v. Ogden City Corp., 419 F.3d 1084, 1087 (10th Cir. 2005)). To date, defendant has not filed a motion seeking relief under Rule 59(e)[2] or Rule 60(b).[3]

---

[2] The deadline for filing a Rule 59(e) has passed. *See*, Rule 59(e), Fed. R. Civ. P. (A Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment."); Rule 6(b)(2), Fed. R. Civ. P. (A court must not extend the time to act under Rule 59(e).).

[3] Although the time limit for filing a Rule 60(b) motion is longer than for a Rule 59(e) motion, the filing of a Rule 60(b) motion would require the court to determine whether it was a "true" Rule 60(b) motion or, instead, a second or successive § 2255 motion. *See*, Spitznas v. Boone, 464 F.3d

As the judgment has not been set aside or vacated, the court concludes that it lacks jurisdiction to address defendant's "Amendment/Add-On to Petitioner's § 2255." The court finds that it is a second or successive § 2255 motion as it "asserts or reasserts a federal basis for relief" from the underlying conviction. Spitznas, 464 F.3d at 1215. Under Tenth Circuit precedent, the court does not have authority to address the merits of any second or successive § 2255 motion until the Tenth Circuit has granted authorization to file such motion. *See*, In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008). Here, the Tenth Circuit has not authorized defendant to file his "Amendment/Add-On to Petitioner's § 2255." While the court recognizes that it has discretion to transfer the matter, pursuant to 28 U.S.C. § 1631, to the Tenth Circuit to obtain the required authorization, *id*. at 1252, the court declines to do so. The court concludes that it would not be in the interest of justice to do so because defendant's motion does not satisfy the authorization requirement in 28 U.S.C. § 2255(h). Therefore, the court concludes that defendant's "Amendment/Add-On to Petitioner's § 2255," which is construed as an unauthorized second or successive § 2255 motion should be dismissed for lack of jurisdiction.

In order to appeal this court's ruling, defendant must obtain a certificate of appealability. *See*, United States v. Harper, 545 F.3d 1230, 1233 (10th Cir. 2008) (holding a certificate of appealability is required to appeal the court's dismissal of an unauthorized second or successive § 2255 motion for lack of jurisdiction). Because the court is dismissing defendant's "Amendment/Add-On to Petitioner's § 2255" on procedural grounds, defendant, to obtain a certificate of appealability, must show both "that jurists of reason would find it debatable whether the petition

---

1213, 1215 (10th Cir. 2006). A Rule 60(b) motion is "a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Id*. at 1215. While no Rule 60(b) motion has been filed, it would appear that any such motion that defendant would file would be a second or successive § 2255 motion. *See*, Nelson, 465 F.3d at 1148-1149.

states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The court concludes that defendant cannot meet either of these requirements.  Thus, the court concludes that a certificate of appealability should be denied.

Accordingly, defendant Zachary George Crister's "Amendment/Add-On to Petitioner's § 2255" (doc. no. 1018), which is construed as an unauthorized second or successive 28 U.S.C. § 2255 motion, is **DISMISSED** for lack of jurisdiction.  A certificate of appealability is **DENIED**.

DATED this 27th day of December, 2023.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-0372p185 (Crister).docx